# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL K. PITTS,

    Plaintiff,

-vs-                                        Case No. 8:20-cv-867-WFJ-AAS

DR. RANGEL, *et al.*,

    Defendants.

_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. 43), which Plaintiff opposes (Doc. 52). Upon consideration, the motion to dismiss will be granted, in part.

## I. ALLEGATIONS OF THE AMENDED COMPLAINT (Doc. 35)

Mr. Pitts is a pretrial detainee who has been incarcerated at the Pinellas County Jail ("PCJ") since April 3, 2019 (Doc. 35, docket p. 8). Defendants are Drs. Rangel and Yukna, physicians at PCJ; Mr. Kyle, the chief medical officer at PCJ; and Nurses Carroll, Monahan, and Reese, nurses at PCJ (*Id.*, docket p. 7).[1] Defendants are sued in both their individual and official capacities (*Id.*, docket pp. 3-5).

---

1 The motion to dismiss was filed by Defendants Rangel, Yukna, Monahan, and Carroll. Defendants Kyle and Reese have neither waived service of process nor been served with process at this time.

1

Mr. Pitts alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution (*Id.*, docket p. 9). Specifically, he alleges that he suffers from: 1) painful blood clots in his legs; 2) three painful hernias; 3) pain in his right shoulder and right arm ever since he was given a vitamin K injection in his right arm; 4) high blood pressure; 5) neuropathy in both legs; and 6) pulmonary disease/breathing problems (*Id.*, docket pp. 10, 13, 14, 22). He complains that the medical treatment he has received for these ailments is "cursory and inadequate." (*Id.*, docket p. 14). He contends that he requires, but has been denied, physical therapy, breathing treatments, surgery on his blood clots, referrals to outside physicians, and "activities" and accommodations for his disabilities (*Id.*, docket pp. 16, 18).

Mr. Pitts further alleges that Defendants have violated his due process rights under the Fourteenth Amendment to the United States Constitution because they have deprived him of medical records he requested from outside medical providers and use of the grievance process at PCJ (*Id.*, docket pp. 9, 16-17, 23). Finally, Mr. Pitts complains that Defendants have failed to accommodate his disabilities in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act (*Id.*, docket pp. 6, 18, 22).

As relief, Mr. Pitts seeks both compensatory and punitive damages (*Id.*, docket p. 22). He further seeks injunctive relief directing Defendants to: 1) refer him for

surgery for the blood clots in his legs and his hernias and to "specialists;" 2) provide him use of a breathing machine and physical therapy for his "disabilities;" 3) allow him use of the "disabilities unit" at PCJ; 4) house him in the "medical unit" at PCJ; 5) terminate the employment of Defendant Kyle; and 6) allow him use of a wheelchair and cane at all times (*Id.*, docket pp. 22-24).

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. Rule 12(b)(6) states that any defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. In deciding whether to grant a motion to dismiss on this ground, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA Am. Bank. N.A.*, 244 F. App'x 939, 941 (11th Cir. 2007) (unpublished) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions. . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Although the court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved

of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters. Inc. v. Lafayette Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group. Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

### III. SUMMARY OF THE ARGUMENTS

In their motion to dismiss, Defendants contend that Plaintiff's amended complaint should be dismissed because: 1) Mr. Pitts failed to exhaust his state administrative remedies before initiating this action; 2) it is an impermissible "shotgun" pleading that fails to give adequate notice to Defendants of the claims against them; 3) it fails to state a claim upon which relief may be granted; and 4) Defendants are entitled to qualified immunity. Plaintiff argues that: 1) he has stated a claim for a violation of his constitutional rights and violations of the ADA and Rehabilitation Act; 2) he attempted to exhaust his administrative remedies but was denied permission to file grievances regarding the lack of medical care, and Defendants have not provided all his grievances regarding denial of medical care; and 3) his complaint gives Defendants fair notice of the claims against them (Doc. 52).

## IV. DISCUSSION

### A. Failure to exhaust administrative remedies

Defendants argue that the amended complaint must be dismissed because Mr. Pitts failed to exhaust his administrative remedies with regard to the claims raised in the amended complaint (Doc. 43, pp. 6-9). A prisoner is required under the Prisoner Litigation Reform Act to exhaust all available administrative remedies before suing about prison conditions. 42 U.S.C. § 1997e(a). This means that before initiating this action, Mr. Pitts needed to properly complete any grievance process established by PCJ— even if that process is futile or inadequate. *See Lambert v. United States*, 198 F. App'x 835, 839–40 (11th Cir. 2006). Moreover, to exhaust administrative remedies Mr. Pitts was required "to provide in his administrative grievance[s] as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as [he] reasonably [could have] provide[d]." *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000).

According to Defendants, "Plaintiff made absolutely no grievance at any time during his confinement regarding his claims related to Defendants." (Doc. 43, p. 8). In support, Defendants attached to their motion to dismiss an affidavit by Tara Weschler, a custodian of records for the Pinellas County Sheriff's Office, and copies of Mr. Pitts' grievances, permissions, and a request he submitted via the PCJ Administrative Services Kiosk Request/Grievance Program (Doc. 43-1, docket pp. 1-

26). None of the documents appear to address the claims Mr. Pitts alleged in his amended complaint (Id., docket pp. 4-26).

In response, Mr. Pitts' contends that "Defendants have not provided all of [his] requests about medical." (Doc. 52, p. 3). And in his amended complaint, Mr. Pitts alleged that "[a]fter repeated [sic] attempts the defendants barred his ability to use the grievance process. . . ." (Doc. 35, docket p. 6).

To determine if Mr. Pitts exhausted administrative remedies, this Court must use the two-step test for exhaustion set forth in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008):

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.... If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies.

As set forth previously, Defendants contend that Mr. Pitts never filed a grievance, permission, or request concerning the allegations in his amended complaint. In alleging that "Defendants have not provided all of [his] requests about medical," Mr. Pitts, at least implicitly, contends that he filed grievances concerning the allegations in his amended complaint that Defendants failed to provide to the Court. Taking Mr. Pitts' version of the facts as true, Defendants are not entitled to

6

have the complaint dismissed for failure to exhaust administrative remedies. Consequently, the Court turns to the second step of the *Turner* analysis. At this stage, the Court must make "specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015).

Ms. Weschler's Affidavit states, in pertinent part, that "Composite Exhibit #1 are communications submitted by inmate Michael Pitts from April 3, 2019 through today's date. . . ." (Doc. 43-1, docket p. 1). The Affidavit, however, does not specify that those are *all* communications Mr. Pitts filed during that time period. Considering the Affidavit together with Mr. Pitts' allegation that "Defendants have not provided all of [his] requests about medical," the Court finds that it is not clear whether Mr. Pitts filed grievances regarding the claims he raised in his amended complaint.

Considering this finding, the Court concludes that Defendants have failed to carry their burden of proving that Mr. Pitts failed to exhaust available administrative remedies with respect to the claims in the amended complaint. Accordingly, Defendants' motion to dismiss will be denied, without prejudice, as to the failure to exhaust administrative remedies argument.

**B. Shotgun pleading**

Defendants argue that the amended complaint is a shotgun pleading in that: 1) it fails to give notice to each Defendant as to precisely what conduct is attributed to

7

each of them individually and which claims for relief are directed to each of them individually; 2) it includes vague, conclusory and immaterial facts, none of which is connected to any particular Defendant or cause of action; 3) it fails to separate into different counts each cause of action; and 4) it asserts multiple claims against multiple Defendants without specifying which Defendants are actually responsible for which acts or omissions. (Doc. 43, pp. 9-13). The Court agrees.

There are four generally recognized types of shotgun pleading including: (i) those in which each count adopts the allegations of all preceding counts; (ii) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) those that do not separate each cause of action or claim for relief into a different count; and (iv) those that assert multiple claims against multiple defendants without specifying which applies to which. *Yeyille v. Miami Dade Cnty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). *See also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"); *Vujin v. Galbut*, 2020 WL 7090206, at *4 (11th Cir. Dec. 4, 2020) ("The essence of a shotgun pleading is 'that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'") (quoting

*Anderson v. District Bd. Of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

The amended complaint here fits within the second, third, and fourth types. To illustrate, page 20 of the amended complaint includes rambling allegations of an incident on February 6, 2020, during which an unnamed nurse, who is not a defendant in this action, caused Mr. Pitts pain during a medical examination (Doc. 35, docket p. 20). And the rambling allegations throughout the amended complaint makes it very difficult to discern which Defendants are responsible for the various acts or omissions that Mr. Pitts claims amounts to deliberate indifference to his serious medical needs, a denial of due process, and a violation of the ADA and Rehabilitation Act. In short, the amended complaint muddles the claims and precludes adequate and fair notice to Defendants of the claims against them and the grounds upon which each claim rests. Accordingly, dismissal without prejudice of the amended complaint is appropriate.

**C. Failure to state a claim and qualified immunity**

Given the Court's ruling that the amended complaint is an impermissible shotgun pleading that does not give Defendants adequate notice of the claims against them, this Court need not address, at this time, Defendants' arguments that they are entitled to qualified immunity, and the amended complaint fails to state a claim upon which relief may be granted. Defendants agree that "it is virtually impossible to determine" from the amended complaint which claims apply to which Defendants

(See Doc. 43, p. 21). Accordingly, Defendants' motion to dismiss on these grounds will be denied without prejudice.

It is therefore **ORDERED** that:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Doc. 43) is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** to the extent that the amended complaint (Doc. 35) is **DISMISSED** without prejudice as an impermissible shotgun pleading. The motion to dismiss is otherwise **DENIED** without prejudice.

2. Mr. Pitts has thirty (30) days from the date of this Order to file a second amended complaint to cure the deficiencies outlined above. The Clerk of Court must mail Mr. Pitts a court approved form to use for filing a second amended complaint. If Mr. Pitts fails to use the court approved form, the Court may strike the second amended complaint and dismiss this action without further notice.

3 Mr. Pitts must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court approved form and may not incorporate any part of the original or amended complaints by reference. The second amended complaint will supersede the original and amended complaints, and all claims must be raised in the second amended complaint.

Mr. Pitts must limit the allegations in the second amended complaint to claims

related to the same basic incident or issues as raised in the original and amended complaints, and name as Defendants only those persons who are responsible for the alleged violations. He must place Defendants' names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, he should clearly describe how each named Defendant is involved in each alleged violation, alleging the claims in separately numbered paragraphs, and including specific dates of the alleged illegal acts. In the section entitled "Statement of Claims," he must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, he shall identify the form of relief he seeks from this Court. If Mr. Pitts fails to file a second amended complaint within 30 days, this action will be dismissed without further notice.

4. The Clerk of Court is directed to mail a court approved form for filing a civil rights complaint with Mr. Pitts' copy of this Order. This case number should be written on the form.

**ORDERED** in Tampa, Florida, on May 24, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

cc: Michael K. Pitts, *pro se*; Counsel of Record